Yohan Lee, Esq. (SBN 259271)
Chong Roh, Esq. (SBN 242437)
LAW OFFICES OF YOHAN LEE
5681 Beach Boulevard, Suite 200
Buena Park, California 90621
Telephone: (714) 523-2700
Facsimile:   (714) 523-7100
Email:       ylee@yleelaw.com
             croh@yleelaw.com

Attorneys for plaintiff
Eunji Jeong

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNJI JEONG, an individual<br><br>   Plaintiff,<br><br> vs.<br><br>JOHN or JANE DOE, an Instagram subscriber; and DOES 2-10, inclusive,<br><br>   Defendants. | CASE NO:<br><br>COMPLAINT FOR:<br><br>1. VIOLATION OF 18 U.S.C. § 2261A (FEDERAL STALKING);<br>2. VIOLATION OF CAL. CIVIL CODE § 1708.7 (CALIFORNIA STALKING);<br>3. VIOLATION OF CAL. PENAL CODE §§ 630-638 (CALIFORNIA PRIVACY ACT, "CIPA"); and<br>4. HARASSMENT<br><br>  DEMAND FOR JURY TRIAL |

*COMPLAINT*

INTRODUCTION

1.      Plaintiff Eunji Jeong ("Plaintiff") brings this action against an unknown "Doe" defendant or defendants ("Defendant") for internet stalking, harassment, and threats made against her through social media platforms, specifically Instagram. Plaintiff seeks damages and injunctive relief under applicable law.

THE PARTIES

2.      Plaintiff is now and at all times relevant hereto was a citizen of the Republic of Korea who currently resides in this County. Plaintiff is an influencer who has a substantial number of followers. She is employed as a Brand Team Leader at an influencer marketing company.

3.      Since March 2025, Plaintiff has been the target of ongoing stalking and threats via social media from an unidentified perpetrator.

4.      Plaintiff is informed and believes, and on such basis alleges, that Doe Defendant No. 1 is a person who has been harassing, stalking and threatening Plaintiff online.

5.      Plaintiff is informed and believes that Doe Defendant No. 1 has detailed knowledge of Plaintiff's company's internal matters and makes references to individuals who are associated with the company and Plaintiff. Based on this knowledge, Doe Defendant No. 1 may be a former member of the Plaintiff's team who resigned in or around June 2024.

6.      Although Doe Defendant No. 1 attempted to hide this misconduct by stalking and threatening Plaintiff anonymously, the platform on which Doe Defendant No. 1 posts, Instagram, a Meta Company, can identify Doe Defendant No. 1 through her IP address and/or other account information.

1

*COMPLAINT*

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Does 2 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants designated herein as a Doe Defendant is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortuously, and caused damages to Plaintiff as herein alleged.

8. Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto, Does 2 through 10, inclusive, were the independent contractors, agents, servants and/or employees of their co-defendants, and in doing the things herein alleged were acting within the scope of their authority as such agents, servants and/or employees and with the permission, consent and/or ratification of their co-defendants.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1331 as the case involves federal questions, including violations of the federal stalking statute, 18 U.S.C. § 2261A.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and substantial effects of the damages visited upon Plaintiff were felt in this District.

## GENERAL ALLEGATIONS OF FACT

11. Since March 2025, Plaintiff has been the target of ongoing stalking, harassment, impersonation, and threats via social media from Defendant, who has repeatedly created and deactivated various Instagram accounts to carry out these acts.

12.     Defendant has used these accounts to threaten and harass Plaintiff by referencing her past, posting derogatory and degrading content targeting Plaintiff's pregnancy and aspects of her private and work life, and by publishing insulting and defamatory statements concerning Plaintiff.

13.     Defendant has also harassed third parties known to Plaintiff by posting insulting and threatening messages of and concerning them and, upon information and belief, by contacting them directly. The individuals targeted by Defendant include, but are not limited to, persons within Plaintiff's personal and professional circle, including family members, acquaintances, colleagues, and individuals associated with Plaintiff's workplace.

14.     Defendant has publicly posted statements accusing Plaintiff of immoral conduct, dishonesty, and professional misconduct, and has disseminated private photographs and other materials concerning Plaintiff to third parties, while encouraging such third parties to initiate legal action against Plaintiff based on false statements and insinuations.

15.     Defendant's motive appears to be non-monetary, as her posts repeatedly demand that Plaintiff apologize or resign from her employment, suggesting a personal vendetta.

16.     As alleged above, Defendant has detailed knowledge of internal matters pertaining to the company where Plaintiff is employed, and frequently posts claims that Plaintiff is unfit for a leadership role within that Company.

17.     On or about January 14, 2026, Defendant escalated the harassment by engaging in unauthorized access of social media accounts associated with Plaintiff and her colleague. Plaintiff is informed and believes that Defendant attempted to access an Instagram account associated with Plaintiff's colleague but was prevented by two-factor authentication.

3

*COMPLAINT*

18. Plaintiff is informed and believes that Defendant thereafter successfully accessed another Instagram account associated with Plaintiff's colleague and later accessed Plaintiff's private secondary Instagram account without authorization.

19. Plaintiff is informed and believes that the unauthorized access originated from a device identified as an iPhone 15 Pro, which does not belong to Plaintiff or the account holder, and that Defendant accessed linked Facebook credentials to gain entry into the Instagram accounts.

20. Plaintiff is informed and believes that Defendant changed account settings, downloaded private photographs that had never been publicly posted, and subsequently uploaded those photographs to a separate cyberbullying account.

21. Plaintiff is further informed and believes that Defendant disclosed private information concerning Plaintiff to third parties through direct messages and other online communications, including photographs of her home and vehicle, her workplace, and her personal phone number.

22. Plaintiff is informed and believes that Defendant has repeatedly created, deleted, and altered social media accounts and handles in an effort to conceal her identity and evade detection.

23. Defendant's actions have caused significant emotional distress to Plaintiff, affecting her personal and professional life.

24. Plaintiff is informed and believes, and thereon alleges, that Defendant's conduct is intentional, malicious, and designed to harass, intimidate, and damage Plaintiff through repeated online misconduct and unauthorized access to her private accounts.

25. Unfortunately, like many other influencers, Plaintiff is the victim of a concerted worldwide effort to cause her damage and distress, and such damage and distress is felt most acutely by those who are popular influencers and otherwise recognized individuals on the Internet.

4

*COMPLAINT*

## FIRST CLAIM FOR RELIEF

(Violation of 18 U.S.C. § 2261A (Federal Stalking) –

Plaintiff against all Defendants)

26.    Plaintiff incorporates by reference all of the foregoing paragraphs of this pleading set forth above as though fully set forth at this point.

27.    Defendant's conduct as alleged above constitutes stalking as defined by 18 U.S.C. § 2261A.

28.    The course of conduct engaged in by Defendant places Plaintiff in reasonable fear of death or serious bodily injury and causes substantial emotional distress.

29.    As a result, Plaintiff has been damaged in an amount to be proved at trial, together with interest thereon at the maximum rate permitted by law.

## SECOND CLAIM FOR RELIEF

(Violation of California Civil Code § 1708.7 (California Stalking) -

Plaintiff against all Defendants)

30.    Plaintiff incorporates by reference all of the foregoing paragraphs of this pleading set forth above as though fully set forth at this point.

31.    Defendant's conduct constitutes stalking under California Civil Code § 1708.7, as Defendant has engaged in a pattern of conduct intended to follow, alarm, or harass Plaintiff, causing her substantial emotional distress.

32.    As a direct and proximate result of the aforementioned conduct, Plaintiff has sustained damages to be proved at trial, together with interest thereon.

33.    In addition, California Civil Code § 1708.7 explicitly states that the court "may grant equitable relief, including, but not limited to, an injunction." On such basis, Plaintiff respectfully requests that this honorable Court enter an injunction preventing

*COMPLAINT*

Defendant, and all those acting in concert therewith, from continuing the stalking and harassment of Plaintiff.

## THIRD CLAIM FOR RELIEF

(Violation of California Penal Code §§ 630-638 (CIPA) -

Plaintiff against all Defendants)

34.     Plaintiff incorporates by reference all of the foregoing paragraphs of this pleading set forth above as though fully set forth at this point.

35.     Defendant's actions, as described above, constitute a violation of California Penal Code § 632, which prohibits the intentional and non-consensual recording of confidential communications.

36.     California Penal Code section 637.2 provides a private right of action, allowing an injured person to bring an action for damages against the person who committed the violation.

37.     As a direct and proximate result of defendant's violation of Penal Code § 632, plaintiff has been injured and is entitled to recover statutory damages of US$5,000.00 for each violation.

38.     In addition, Plaintiff is entitled to three times the amount of actual damages sustained by her, including, but not limited to, emotional distress, embarrassment, humiliation, and other harm.

## FOURTH CLAIM FOR RELIEF

(Civil Harassment - Plaintiff against all Defendants)

39.     Plaintiff incorporates by reference all of the foregoing paragraphs of this pleading set forth above as though fully set forth at this point.

*COMPLAINT*

40. Defendant has engaged in longstanding and persistent conduct directed at damaging Plaintiff, her family members, and her reputation, as well as her relationships with her colleagues and employer, by publishing and broadcasting across the Internet a large volume of threatening, harassing, and false statements and postings concerning Plaintiff and those within her personal and professional circle.

41. As a result of Defendant's harassment, threats, and dissemination of private information, Plaintiff, her family members, her colleagues, and individuals associated with her workplace have been alarmed, distressed, and have reasonably felt threatened.

42. Defendant has engaged in unreasonable and outrageous conduct directed at harming Plaintiff, her family members, acquaintances, colleagues, and employer, for the purpose of unjustifiably damaging Plaintiff's reputation and coercing Plaintiff to accede to Defendant's demands.

43. Defendant has acted unlawfully and in violation of 18 U.S.C. § 875(d) by harassing Plaintiff, and have by so doing caused Plaintiff damage in an amount to be proved at trial, together with interest thereon at the maximum rate permitted by law.

WHEREFORE, Plaintiff Eunji Jeong prays that Judgment be entered herein as follows:

1. On the First through Fourth Claims for Relief, for damages at the maximum rate permitted by law, together with interest thereon at the maximum rate permitted by law;

2. On the Second Cause of Action, for an injunction as prayed therein;

3. On the Third Claim for Relief, for treble damages and, in addition, a statutory penalty of US$5,000.00 per violation;

4. For attorney's fees pursuant to any applicable law, rule or regulation;

5. For all actual costs of suit herein, including interest; and

6. For such other and further relief as this Court deems appropriate.

COMPLAINT

DATED:      March 17, 2026          LAW OFFICES OF YOHAN LEE


                                    By_____/s/_____
                                         Yohan Lee, Esq.
                                         Chong Roh, Esq.
                                    Attorneys for plaintiff Eunji Jeong


     Plaintiff demands a trial by jury.


DATED:      March 17, 2026          LAW OFFICES OF YOHAN LEE


                                    By_____/s/_____
                                         Yohan Lee, Esq.
                                         Chong Roh, Esq.
                                    Attorneys for plaintiff Eunji Jeong

8

*COMPLAINT*