**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:26-cv-00608-KES                    Date: March 31, 2026

Title: EUNJI JEONG v. JOHN or JANE DOE

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

|  |  |
|:---:|:---:|
| <u>Jazmin Dorado</u> | <u>Not Present</u> |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

## I.    INTRODUCTION

On March 17, 2026, Eunji Jeong ("Plaintiff") filed a complaint that is nearly identical to the complaint in her previous case before this Court, case number 8:25-cv-02024-KES ("Jeong I"). (Compare "Complaint" at Dkt. 1, with Jeong I, Dkt. 1.) The Court dismissed Jeong I on January 8, 2026, for failure to prosecute and/or failure to follow court orders after Plaintiff had been granted leave to serve a third party subpoena on Meta Platforms, Inc. and subsequently missed court deadlines and failed to respond to an order to show cause. (Jeong I, Dkt. 8, 9, 10, 11, 12.)

In the present matter, 8:26-cv-00608-KES ("Jeong II"), Plaintiff again seeks

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:26-cv-00608-KES                                    Date: March 31, 2026
                                                                          Page 2

leave of court to serve a third party subpoena on Meta Platforms, Inc. prior to the Rule 26(f) conference.  (Jeong II, Dkt. 7.)

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she is a citizen of the Republic of Korea who currently resides in the Central District of California, where she works as a social media influencer and a brand team leader at an influencer marketing company.  (Id., Dkt. 1 at 2, ¶ 2.)

Plaintiff alleges that, since March 2025, she has been the target of online stalking, threats, and harassment from an unidentified person ("Doe") who seems to have inside information on her personal life and business matters.  (Id. ¶¶ 3-5.) The "ongoing stalking, harassment, impersonation, and threats" have been carried out through "repeatedly created and deactivated … Instagram accounts."  (Id. at 3, ¶ 11.)  In January 2026, Plaintiff contends that the alleged online abuse escalated, with Doe "engaging in unauthorized access of social media accounts associated with Plaintiff and her colleague."  (Id. at 4, ¶ 17.)

Plaintiff claims relief under two federal criminal statutes—18 U.S.C. § 2261A, a federal stalking statute, and 18 U.S.C. § 875(d), a federal extortion statute[1]—as well as California Civil Code § 1708.7 and Penal Code §§ 630-638. (Id. at 6-8, ¶¶ 26-43.)  She alleges that her case arises under the Court's federal question jurisdiction.  (Id. at 3, ¶ 9.)

/ / /

---

[1] Plaintiff calls her fourth claim to relief "Civil Harassment," and describes facts that could reasonably be contrived as such, but then states, "Defendant has acted unlawfully and in violation of 18 U.S.C. § 875(d) by harassing Plaintiff …." (Jeong II, Dkt. 1 at 7-8, ¶¶ 39-43.)  Therefore, the Court construes this claim as alleging extortion under § 875(d) rather than a civil harassment claim under the common law or a California statute, even though Plaintiff says in her Complaint that "Defendant [Doe]'s motive appears to be non-monetary, as her posts repeatedly demand that Plaintiff apologize or resign from her employment, suggesting a personal vendetta."  (Id. at 4, ¶ 15.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 8:26-cv-00608-KES                                    Date: March 31, 2026
                                                             Page 3

## III.   LEGAL STANDARD

This Court has an obligation to determine sua sponte whether it has subject matter jurisdiction over claims in a complaint.  See generally Gonzalez v. Thaler, 565 U.S. 134, 141 (2012).  "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: [1] cases that 'aris[e] under' federal law, § 1331, and [2] cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively."  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437-38 (2019).

For federal question jurisdiction to apply, the plaintiff must plead "a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint."  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1118 (9th Cir. 2002) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987)).  "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 … may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh, 546 U.S. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

## IV.   ANALYSIS

Section 2261A makes it unlawful to mail or send electronic communications through interstate commerce "with the intent to kill, injure, harass, [or] intimidate," that put the recipient of the communication "in reasonable fear" of death or serious bodily injury, and "cause[], attempt[] to cause, or would be reasonably expected to cause substantial emotional distress."  18 U.S.C. § 2261A(2).  "Section 2261A of Title 18 defines the federal crime of 'Stalking,' and, thus, provides a basis for criminal liability, not civil liability."  Sparks v. Disney, No. 2:20-cv-06556-JWH-JEM, 2021 WL 8693517, at *2, 2021 U.S. Dist. LEXIS 259254, at *5 (C.D. Cal. Jan. 11, 2021) (citing Cort v. Ash, 422 U.S. 66, 78-80 (1975)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:26-cv-00608-KES                                   Date: March 31, 2026
                                                            Page 4

Section 875(d) states: "Whoever, with intent to extort from any person … any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee … shall be fined under this title or imprisoned not more than two years, or both."  18 U.S.C. § 875(d).  Again, this is a criminal statute that cannot serve as a basis for civil liability.  See Mayorga v. Ronaldo, 606 F. Supp. 3d 1003, 1015-16 & n.73 (D. Nev. 2022) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)).

Since neither of Plaintiff's federal claims provides a private right of action for civil liability, she has not stated a colorable claim under federal law and the Court does not appear to have federal question jurisdiction over this action.

## V.     ORDER TO SHOW CAUSE

It is hereby ordered that, **on or before April 30, 2026**, Plaintiff shall file a response to this order explaining why Jeong II should not be dismissed for lack of subject matter jurisdiction.  Should Plaintiff file a response to this Order to Show Cause, she must also provide an explanation as to why the Court should grant her leave to serve a third party subpoena on Meta Platforms, Inc., considering that it did so in Jeong I and Plaintiff failed to prosecute that case.

Alternatively, Plaintiff may voluntarily dismiss Jeong II without prejudice **on or before April 30, 2026**.

The Court cautions Plaintiff that failure to comply with this order may result in dismissal of the entire case.

Initials of Deputy Clerk JD